## PEOPLE *v.* MARTIN.

1. CRIMINAL LAW—ABSENCE OF PROSECUTOR—CONDUCT OF JUDGE.

Contention that trial judge acted as judge, jury, and prosecutor in prosecution of defendant for accosting and soliciting, thereby violating due process clause of the Constitution of the United States, *held*, not supported by record showing that although the prosecutor was not present, the judge did not in fact act as a prosecutor, but rather listened to the case, asking only pertinent questions, decided it, and passed sentence, where there is no statute requiring presence of the prosecutor in absence of being requested by the magistrate, and no objections were raised during the trial (US Const, Am 14; CL 1948, §§ 49.154, 750.448).

2. APPEAL AND ERROR—SAVING QUESTION FOR REVIEW—OBJECTIONS.

Objections not raised during trial and not passed upon by the trial court in the trial of a prosecution for crime are generally not considered on appeal.

3. CRIMINAL LAW—ACCOSTING AND SOLICITING—EVIDENCE—CREDIBILITY.

The fact that the undercover agent of the city police department who arrested defendant and defendant were the only witnesses did not preclude the trial judge from finding that defendant's guilt of crime of accosting and soliciting had been established beyond a reasonable doubt, since the court could choose to believe either of the witnesses and the Court of Appeals will not disturb the judgment of the one who saw the witnesses and heard them in open court (CL 1948, § 750.448).

4. SAME—COMMENTS BY JUDGE—BIAS—PREJUDICE—SENTENCE.

Comment by trial judge in prosecution for accosting and soliciting that he did not want any prostitution on a certain street *held*, not to show bias or prejudice, it appearing to have been

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial §§ 19, 74.
[2] 5 Am Jur 2d, Appeal and Error § 545.
[3] 42 Am Jur, Prostitution §§ 22, 23.
[4, 6] 53 Am Jur, Trial § 76.
[5] 42 Am Jur, Prostitution § 19.
Entrapment to commit offense of prostitution. 52 ALR2d 1194.
[6] 4 Am Jur 2d, Appeal and Error § 404.

made after the proofs were all in and incident to the sentencing process rather than conviction and especially in view of clarifying colloquy which took place between defense counsel and the judge before whom the motion for new trial was heard (CL 1948, § 750.448).

**5. PROSTITUTION—ENTRAPMENT.**
  Claim of defendant, accused of accosting and soliciting, that she had been entrapped *held,* not sustained under record presented, showing that after engaging complainant in conversation the matter of sexual intercourse was discussed, there being no entrapment in the legalistic sense (CL 1948, § 750-.448).

**6. APPEAL AND ERROR—TRANSCRIPT—PREJUDICE.**
  Trial transcript of prosecution for accosting and soliciting, which contains 2 pages with the same number, only one of which contains an alleged prejudicial remark by the trial judge *held,* not to reveal prejudicial error, where the remark, made incident to imposition of sentence, is found not to have been prejudicial (CL 1948, § 750.448).

Appeal from Recorder's Court; Schemanske (Frank G.) and O'Hara (John P.), JJ. Submitted Division 1 May 13, 1965, at Detroit. (Docket No. 88.) Decided June 21, 1965.

Betty Martin was convicted of accosting and soliciting. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*George L. BeGole,* for defendant.

FITZGERALD, J. On May 27, 1964, Betty Martin was arrested by an undercover agent of the Detroit police department and charged with the crime of accosting and soliciting under CL 1948, § 750.448 (Stat Ann 1954 Rev § 28.703) which states:

"Any person who shall accost, solicit or invite another in any public place, or in or from any building or vehicle, by word, gesture or any other means, to commit prostitution or to do any other lewd or immoral act, shall be guilty of a misdemeanor."

The arrest took place at 1:15 a.m. and defendant appeared in court the next morning with her attorney. When defendant's case was called, her attorney stated to the court:

"The defendant stands mute, waives trial by jury. She is ready to be tried."

The parties were sworn and the trial proceeded, the only witnesses being the arresting officer and the defendant. Defendant was convicted and sentenced to 30 days. After an unsuccessful motion for a new trial, counsel for defendant now assigns as error the fact that the trial judge acted as "judge, jury and prosecutor" and asserts that such a procedure is violative of the due process clause of the 14th Amendment to the United States Constitution.

The record discloses that no representative of the prosecutor's office was present at the trial. The arresting officer gave the court a report as to what happened by referring to his write-up. Defense counsel cross-examined the vice officer and also conducted a direct examination of defendant, thus permitting a full airing of the facts.

It is difficult to understand why defense counsel contends that the absence of a prosecutor prejudiced his case. Such absence might readily be construed as a benefit to the defense in most cases, particularly those where defendant takes the stand and opens himself to cross-examination. A review of the testimony reveals that the judge did not, in fact, act as "prosecutor" but rather listened to the case, asking only pertinent questions, decided it, and passed sentence.

Were there some requirement that a representative of the prosecutor's office be present, it might be said that the absence was prejudicial. We are, however, faced by the statutory provision of CL 1948, § 49.154 (Stat Ann 1961 Rev § 5.752) which states:

"Each prosecuting attorney shall, *when requested by any magistrate of the county,* appear in behalf of the people of this State, before any such magistrate * * * and prosecute all complaints made in behalf of the people of this State." (Emphasis supplied.)

Clearly, there is no statutory requirement that a representative of the prosecutor's office be present. Buttressing the decision that defendant may not complain of the prosecutor's absence is the fact that the procedure was accepted during the trial and no objection made, thereby preventing it from being urged on appeal. It has frequently been held by the Supreme Court of this State that objections not raised during trial and not passed upon by the trial court are generally not considered on appeal. *People* v. *Elliott* (1948), 322 Mich 313, states the concept clearly (p 316): "Counsel cannot sit idly by and then, for the first time interpose objections after the accused has been convicted."

Defendant further contends that the uncorroborated testimony of a police officer as against the testimony of the defendant is not sufficient to constitute guilt beyond a reasonable doubt. It is elemental that the court can choose to believe either one of two witnesses before him. The issue is one of credibility and we do not choose to disturb the judgment of one who saw the witnesses, listened to them and then weighed their testimony in open court. *People* v. *Chesbro* (1942), 300 Mich 720.

Particular emphasis is urged by defendant that a comment by the trial judge indicated that she was not able to secure a fair hearing before him. Following is the statement of the judge claimed to be offensive:

*"The Court:* No, I don't want any prostitutes, at least when I am on duty, I don't want any prostitutes on Washington boulevard. I will find her guilty of accosting and soliciting. Thirty days in the Detroit House of Correction."

Even cursory examination of this statement, made after all the proofs were in, reveals that it goes to the sentencing process and not to the conviction. The remarks were not made to a jury which could be swayed by them.

An exchange between defense counsel and the judge before whom the motion for a new trial was made fairly sums up the fact that such a remark does not indicate prejudice or bias on the part of the trial judge:

*"Mr. BeGole:* The girls that preceded her were fined and the girls that followed her were fined, and the only reason this case was handled as it was was because of the issue that was involved here, that being that the location was Washington boulevard, and I think that aspect or factor of the case made it impossible for the Judge to view this matter impartially and detachedly and fairly, really.

*"The Court:* Well, now, here the question is not whether it was on Washington boulevard or any place else. The question is whether or not there was an accosting and soliciting. That is the point."

The most that can be said for the remark of the trial judge concerning Washington boulevard is that it pointed up a specific problem of law enforcement and did not indicate prejudice. Such presentence

remarks can be dismissed as nonprejudicial as stated in *People* v. *Fedderson* (1950), 327 Mich 213, 219:

"The other alleged prejudicial conduct of the court occurred at the time of sentencing when he displayed an unfriendly attitude toward her. While gruffness is unnecessary no authorities have ever been called to our attention which hold remarks then made to be error."

Defendant further urges that the law of entrapment is a bar to the conviction of this defendant. Yet the testimony at the trial does not bear out this contention. Defendant admits to engaging in conversation with complainant and that the matter of sexual intercourse arose. Nowhere does the record indicate that defendant was "entrapped" in the legalistic sense of the word. It would be interesting to know how many practitioners of "the most ancient profession in the world"[*] believe they were entrapped when in effect the design originated in their own minds and the only needed ingredient was a willing patron. The tenuousness of an entrapment defense for this defendant is best pointed up by a statement in *Sherman* v. *United States* (1957), 356 US 369 (78 S Ct 819, 2 L ed 2d 848) in which Mr. Chief Justice Warren stated (p 372), "To determine whether entrapment has been established, a line must be drawn between the trap for the unwary innocent and the trap for the unwary criminal."

Defendant urges as final argument on appeal that the hearing on appellant's motion for a new trial violated the concept of due process of law, specifically on the ground that the transcript of the trial was not an accurate transcript of those proceedings.

This court has before it the trial transcript, which includes two pages numbered "7." They are identical with the exception that the second version in-

---

[*] Kipling, Soldiers Three (1888), On the City Wall, p 283.

cludes the trial judge's remark relative to Washington boulevard, *supra.* Considering both versions of page 7 of the trial transcript and assuming *arguendo* either one of them could be correct, it is difficult to see how the result would have been any different. Since the controversial Washington boulevard reference was considered by the judge, it does not appear that defendant was harmed thereby. Reviewing both transcripts, accurate or inaccurate, prejudicial error is not revealed by either.

Defendant's contentions of a multitude of error in a trial that consumes but seven pages do not hold up under scrutiny and fail to present any meritorious arguments for a new trial.

Affirmed.

QUINN, P. J., and T. G. KAVANAGH, J., concurred.