## PEOPLE *v.* BLAKES.

1. CRIMINAL LAW — CONSPIRACY — EVIDENCE — PAST RECOLLECTIONS RECORDED.

Notebooks containing memoranda made by policemen at time of observing actions of defendants, *held,* properly admitted in evidence in prosecution for conspiracy to violate gambling laws as past recollection recorded when policemen testified that memoranda were accurately made, that they had no present recollection of detailed events recorded, and that reading notebooks did not refresh recollection of events (CL 1948, §§ 750.301, 750.306; CLS 1961, § 750.505).

2. CONSPIRACY—EVIDENCE—ADMISSION BY ONE CONSPIRATOR.

Statement by one accused conspirator, which did not implicate his accused coconspirators, but which showed knowledge of the location of evidence seized in gambling raid, *held,* properly admitted in evidence in trial for conspiracy to violate gambling laws (CL 1948, §§ 750.301, 750.306; CLS 1961, § 750.505).

3. SAME—EVIDENCE—DISCLOSURE BY ONE DEFENDANT.

Gambling paraphernalia seized in raid, to which policemen were directed by statement of one accused conspirator, without

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Witnesses § 588.
Refreshment of recollection by use of memoranda or other writings. 82 ALR2d 473.
Criminal conspiracies as to gambling. 91 ALR2d 1148.
[2, 3] 16 Am Jur 2d, Conspiracy § 35 *et seq.*
[4, 5] 16 Am Jur 2d, Conspiracy §§ 38, 61.
[6, 7] 16 Am Jur 2d, Conspiracy § 34.

implicating accused coconspirators, *held*, properly admitted in evidence in trial for conspiracy to violate gambling laws (CL 1948, §§ 750.301, 750.306; CLS 1961, § 750.505).

4. SAME—EVIDENCE—ORDER OF PROOF—DISCRETION OF COURT.
Order of proof in trial for conspiracy to violate gambling laws is primarily within discretion of trial judge (CL 1948, §§ 750-.301, 750.306; CLS 1961, § 750.505).

5. SAME—EVIDENCE—ORDER OF PROOF.
Testimony of witness in trial for conspiracy to violate gambling laws as to acts of one accused conspirator pursuant to design of conspiracy *held*, properly admitted in discretion of trial judge before proof of existence of conspiracy (CL 1948, §§ 750.301, 750.306; CLS 1961, § 750.505).

6. SAME—EVIDENCE.
Evidence presented in trial for conspiracy to violate gambling laws *held*, sufficient for conviction of two defendants who were observed in the company of each other, each seen at a certain building where gambling paraphernalia was later seized, they exchanged materials frequently, one defendant took bets from policeman, giving him memorandum of bet, and other defendant knew of duplicate memoranda of such bets and directed policemen to such memoranda (CL 1948, §§ 750-.301, 750.306; CLS 1961, § 750.505).

7. SAME—EVIDENCE—GUILT BY ASSOCIATION.
Evidence presented in trial for conspiracy to violate gambling laws *held*, insufficient to convict defendant who was not shown to have knowledge of conspiracy, and whose only connection was association with two defendants properly convicted of conspiracy, guilt by association being insufficient to sustain a conviction of conspiracy (CL 1948, §§ 750.301, 750-.306; CLS 1961, § 750.505).

Appeal from Superior Court of Grand Rapids ·
Vander Ploeg (Claude), J. Submitted Division 3
February 10, 1966, at Grand Rapids. (Docket Nos.
143–145.) Decided July 26, 1966. Rehearing denied
September 22, 1966. Leave to appeal granted by
Supreme Court March 9, 1967. See 379 Mich 753.

Walter Blakes, Emmitt Pruitt, and Willis Brown
were convicted of conspiring to violate the gambling

laws of the State. Defendants appeal. Affirmed as to defendants Blakes and Pruitt. Reversed without a new trial as to defendant Brown.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Leo Stevens,* Assistant Prosecuting Attorney, for the people.

*F. Jack Neller,* for defendants.

BURNS, J. The defendants were charged under 2 counts with conspiracy to violate gaming laws of the State of Michigan.[1] From September 27, 1963, until the arrests on December 21, 1963, the defendants had been under surveillance by the Grand Rapids police department. The defendants were observed communicating with one another and exchanging materials with one another in a regular daily pattern.

The defendants were observed frequently going into a house at 431 Grandville avenue, although none of the defendants were residents at said address.

The observations of police officers, Clifford Norton and James Patterson, were recorded by the officers in 5 notebooks which were offered and admitted in evidence at the time of trial.

One Andrew Chavaus, a deputy sheriff from Cass county, came to Grand Rapids at the request of the Grand Rapids police department to assist in acquiring evidence against the defendants. While in Grand Rapids he placed bets in the numbers operation with Emmitt Pruitt on December 18, 19, 20 and 21, 1963.

---

[1] CL 1948, §§ 750.301, 750.306 (Stat Ann 1954 Rev §§ 28.533, 28.538). Also, PA 1931, No 328, § 505, as amended by PA 1954, No 66, CLS 1961, § 750.505 (Stat Ann 1954 Rev § 28.773).

Defendant Blakes was arrested on December 21, 1963, at approximately 3 o'clock in the afternoon. The arresting officers proceeded with the defendant to 431 Grandville avenue and met other officers at said address. The police officers had a valid search warrant. They took the defendant Blakes with them and started to search the apartment. Blakes said, "The stuff that you fellows are looking for is over there in that room right down there off the hall."

The officers found gambling paraphernalia, including duplicate numbers slips, and specifically the duplicates of the tickets sold by Pruitt to Chavaus.

The defendants waived a jury trial and were found guilty of violating the gambling laws by the judge.

Defendants appeal their convictions on 4 grounds, contending: (1) There was not sufficient evidence to convict each of the 3 defendants with criminal conspiracy; (2) the testimony of Andrew Chavaus should not have been admitted; (3) the statement of Walter Blakes, and evidence seized as a result of said statement, should not have been admitted in evidence; and (4) the memoranda of the police officers should not have been admitted in evidence.

We shall answer the claims of said defendants in reverse order of their presentation.

Several spiral notebooks containing detailed operations of the police officers, Norton and Patterson, in regard to their investigation of the defendants' activities, were admitted in evidence. The officers testified to the effect that the notebooks and memoranda were accurate and correct; reading said notes did not refresh their recollection to the extent that they could actually remember the events. The notebooks were admitted as "past recollection recorded." These notebooks were admitted in evidence and some read from the witness stand. The record

shows that the attorney for the defendants objected to the reading of the contents of the notebooks. However, once the court ruled that the contents of the notebooks could be read into evidence on the basis of "past recollection recorded", he did not renew his objection and, in effect, did agree, subject to his original objection, that the notebooks could be received in evidence without the entire contents being read from the witness stand.

The defendants may have a valid contention that one cannot cross-examine a notebook. However, the law of the State of Michigan as set forth in the case of *People* v. *Hobson* (1963), 369 Mich 189, does allow such evidence to be received as past recollection recorded.

The statement by Blakes did not implicate any of the other defendants, but it did indicate that he had knowledge of the evidence seized (gambling paraphernalia) in the raid. The evidence was seized by virtue of a valid search warrant and was properly admitted in evidence.

As to the testimony of witness Chavaus being admitted before the introduction of other evidence of a conspiracy, there must be a beginning and an end. Chavaus did place bets with Pruitt, the duplicates of which were seized at the scene of the raid and admitted in evidence. The order of proof in a conspiracy case is primarily within the discretion of the trial judge. *People* v. *McGarry* (1904), 136 Mich 316.

Lastly, the defendants claim there was not sufficient evidence to convict each of said defendants of criminal conspiracy.

As to Pruitt and Blakes, it can scarcely be contended that they did not conspire to violate the gaming laws. They were observed in each other's company, changing materials frequently, and at the

establishment on Grandville avenue. There was testimony that Pruitt took bets from witness Chavaus, and the duplicates of said bets were found in the building on Grandville. There was further testimony that Blakes had knowledge of the materials seized, and directed the police officers to said materials.

However, as to defendant Brown, there is no testimony in the printed record or in the notebooks submitted in evidence that he had any knowledge of said conspiracy. As our Supreme Court held in the cases of *People* v. *Sobczak* (1955), 344 Mich 465, and *People* v. *Brynski* (1957), 347 Mich 599, at page 605 of the *Brynski Case:*

"This case is a companion case to *People* v. *Sobczak, supra.* Both defendants were tried together. In the above case we reversed the conviction of Sobczak. We there stated at page 469:

" 'What all of this testimony comes down to is that the defendant was keeping bad company. There is, at least, a breath of suspicion that he was involved somehow in this nefarious business. But it is no more than a suspicion. There may have been valid reasons for the associations described.'

"We note that in the trial of this case some codefendants made damaging admissions at the time of their arrest, but none of these admissions implicated defendant. The most that can be said in behalf of the people is that for a period of approximately one year defendant was associating with some people who were convicted in the present proceeding.

"Guilt by association, in and of itself, is not sufficient to sustain a conviction. It follows that the judgment of conviction is reversed and defendant discharged without a new trial."

Judgments of conviction are hereby affirmed in the cases of defendants Walter Blakes and Emmitt Pruitt. Judgment of conviction is hereby reversed

in the case of defendant Willis Brown, and the defendant discharged without a new trial.

HOLBROOK, P. J., and McGREGOR, J., concurred.