PEOPLE *v.* ESPARZA

OPINION OF THE COURT

1. CRIMINAL LAW—POSSESSION OF NARCOTICS—ENTRAPMENT.
   Even if the record sustained defendant's contention that he was induced to obtain and sell narcotics by a police informer, no defense of entrapment would be established in prosecution for unlawful possession of narcotics on record presented (CLS 1961, § 335.153).

REFERENCES FOR POINTS IN HEADNOTES
[1]  21 Am Jur 2d, Criminal Law § 143 *et seq.*
[2]  21 Am Jur 2d, Criminal Law §§ 485, 493, 494.

146          16 Mich App 145          [Feb

DISSENTING OPINION

LEVIN, J.

2. CRIMINAL LAW—POSSESSION OF NARCOTICS—GUILTY PLEA—PROM-
ISE OF REWARD.

> *An affidavit by defendant convicted of unlawful possession of
> narcotics, stating that he pleaded guilty only because. of as-
> surances that if he did so his automobile which had been seized
> would be returned to him, unopposed by the prosecution, is
> sufficient to entitle defendant to a testimonial hearing and if
> upon such hearing it is found that the alleged promise was
> made by a state official but not kept or that defendant's trial
> counsel falsely made the promise, the defendant would be en-
> titled to have his guilty plea set aside.*

Appeal from Wayne, Nathan J. Kaufman, J.
Submitted Division 1 December 12, 1968, at Detroit.
(Docket No. 5,683.) Decided February 25, 1969.

Michael Frank Esparza was convicted of unlawful
possession of narcotics. Defendant appeals. Af-
firmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Samuel J. Torina,* Chief
Appellate Lawyer, and *Luvenia D. Dockett,* Assist-
ant Prosecuting Attorney, for the people.

*Louis Rosenzweig,* for defendant on appeal.

BEFORE: J. H. GILLIS, P. J., and QUINN and
LEVIN, JJ.

J. H. GILLIS, P. J. and QUINN, J. Michael Frank
Esparza pled guilty to possession of narcotics in
violation of CLS 1961, § 335.153 (Stat Ann 1957
Rev § 18.1123), and was sentenced. On appeal, he
contends that his plea was induced by .a. promise by

authorities to return his automobile which had been ordered forfeited, and that he was innocent because of entrapment by police.

We find no support in the record for these claims. On the contrary the transcript of the plea discloses that defendant's plea was freely, understandingly, and voluntarily made, without promises of any kind. The record offers no support for the claim of innocence. If the record supported defendant's contention that he was induced to obtain and sell narcotics by a police informer, no defense would be established thereby. *People* v. *Martin* (1965), 1 Mich App 265, 270. The record demonstrates compliance with GCR 1963, 785.3.

Affirmed.


LEVIN, J., (*dissenting*). The defendant's affidavit in support of his motion for a new trial states that he agreed to plead guilty only after assurances from his trial counsel, following conferences asserted to have taken place between such counsel and officers of the State police and others unknown to the defendant, that if he did plead guilty his automobile, which had been seized by the police, would be returned to him. The affidavit further asserts that the automobile was not returned although the defendant did plead guilty. No answering affidavit or other response was filed by the people.

The defendant's affidavit is, in my opinion, in sufficient detail to entitle him to a testimonial hearing on the question whether such a promise was made and, if so, whether it was fulfilled.

If the trier of fact were to find upon such hearing that the alleged promise was made by a State official and not kept, the defendant would then be entitled to have his guilty plea set aside. *In re Valle* (1961), 364 Mich 471, 478; *Machibroda* v. *United States*

(1962), 368 US 487, 493 (82 S Ct 510, 513, 7 L Ed 2d 473). If the trier of fact were to find that the promise was falsely made by defendant's trial counsel, the defendant would in my opinion in that case also be entitled to have his plea set aside. *People* v. *Byrd* (1968), 12 Mich App 186, 226 (per LEVIN, J., concurring).

For the reasons stated, I would remand for such a hearing. If the trial judge finds the alleged promise was not made, then the conviction should indeed be affirmed as defendant's plea of guilty waived whatever defenses he could have asserted at a trial.