Lester McKinley JOHNSON, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff Below,
Appellee.

Supreme Court of Delaware.

April 9, 1969.

Richard W. Pell, Asst. Public Defender, Wilmington, for defendant below, appellant.

Robert E. Daley, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

WOLCOTT, Chief Justice, and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

In this automobile larceny case, the sole question raised by the appeal involves the admissibility in evidence of a police officer's notebook.

A motor truck was stolen in Wilmington at about 3:00 A. M. The vehicle was driven to a nearby appliance store, where it was being loaded with stolen television sets when the police arrived. William Bradford and Eddie Hunter were arrested at the scene. The appellant Lester McKinley Johnson was not arrested at the time, but was subsequently apprehended and charged with larceny of the truck.

The main evidence against Johnson consisted of the testimony of Bradford that Johnson was a participant in both the lar-

ceny of the truck and the attempted burglary of the store. A police officer testified that he stopped an automobile for a routine check in Wilmington at 2:50 A. M. on the night of the attempted burglary. The officer testified that the driver of the vehicle identified himself as Bradford, that the front passenger was identified as Hunter, and that a man in the back seat produced a draft card bearing the name "Lester McKinley Johnson." These statements were especially damaging to Johnson who was asserting the alibi defense that he was home at the time the alleged crimes occurred.

Following the officer's testimony regarding the stopping and checking of the automobile, the prosecutor inquired as to how the officer could be certain of the accuracy of his testimony. The witness then produced a notebook stating that it was kept in connection with the performance of his duty as a police officer, and that the entries were made therein shortly after the vehicle check took place. The notes were admitted into evidence over the objection of defense counsel. Johnson was convicted and he appeals.

I.

The appellant's sole contention here is that the notes were admitted under the past-recollection-recorded exception to the hearsay rule, and as such were inadmissible for lack of proper foundation.

There is some doubt whether past-recollection-recorded evidence is acceptable in this State, even when a proper foundation had been laid. The early case of Redden v. Spruance, 4 Har. 217 (1845) apparently precluded such evidence; but the later Superior Court case of Grossman v. Delaware Electric Power Co., 4 W.W.Harr. 521, 155 A. 806 (1929) eroded the *Redden* holding. This Court has not passed upon the question.

We can see no reason why, if a proper foundation is laid, a record of past recollection should not be admissible in evi-

dence. Modern authority is overwhelming in its acceptance of the past-recollection-recorded doctrine. See McCormick on Evidence §§ 276–280; 3 Wigmore on Evidence (3d Ed.) §§ 744–755; 4 Jones on Evidence § 972; Annotation, 82 A.L.R. (2d) 473. Accordingly, subject to proper foundation, we hold such evidence admissible in this jurisdiction.

■ As to the prerequisites of a proper foundation, if the record was made when the events were fresh in the memory of the witness, and if the witness can vouch for the accuracy of the notes when made, the requirement is satisfied. Hall v. State, 223 Md. 158, 162 A.2d 751 (1960); State v. Bradley, 361 Mo. 267, 234 S.W.2d 556 (1950); People v. Blakes, 4 Mich.App. 13, 143 N.W.2d 769 (1966).

■ While it is undisputed in the instant case that the police officer made his notations immediately after the checking of the vehicle, the requirement of voucher of accuracy was unfulfilled. The record is barren of any statement by the officer that he correctly recorded the notations in question, or that it was his habit to accurately record such matters. The State argues, however, that since the notes were recorded immediately, it is unlikely that the writing would be inaccurate; hence, the voucher of accuracy is not needed. We find this contention unpersuasive. The requirement of voucher of accuracy is easily fulfilled. Since, after admission in evidence, the jury has the record of past recollection in the jury room while deliberating, any error contained therein could be highly prejudicial. Therefore, the voucher of accuracy is held to be a necessary prerequisite to the admissibility of past-recollection-recorded evidence.

## II.

If this were all, prejudicial error may have been the consequence. But the record shows that the notes were not admitted by the Trial Court on a past-recollection-recorded basis:

■ Following objection to the admissibility of the notes, the jury was excused, and counsel and the Court entered into a discussion as to various theories of admissibility. Past-recollection-recorded, past-recollection-refreshed, official records, and the Delaware Statute governing business records as competent evidence (10 Del.C. § 4310) *, were all mentioned. It appears from the record that the Trial Court admitted the notes on the basis of the Statute, rather than on the past-recollection-recorded basis. Such admission was on safe ground. While the Statute omits the safeguard of the voucher of accuracy, the requirements that the writing be made in the regular course of business, that the method of preparation be established, and that it be made near in time to the act described, are sufficient precautions reasonably to preclude error. The Police Department, of course, is not a "business" in the ordinary sense of the word; but it is in the "business" of law enforcement; and the reports and record kept in connection with such enforcement are, in our view, "business records" within the meaning of § 4310. Compare Bridger v. Union Ry. Co. (6 Cir., 1966) 355 F.2d 382.

■ A business record is admissible under the Statute if "in the opinion of the court" such admission is justified by the sources of information and the method and time of preparation. This gives the Trial Judge a breadth of discretion which will

---

* 10 Del.C. § 4310 provides:

"§ 4310. Business records as competent evidence

"(a) The term 'business' includes every kind of business, profession, occupation, calling, or operation of institutions, whether carried on for profit or not. A record of an act, condition or event, shall, in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission."

not generally be disturbed on appeal. People v. Torres, 201 Cal.App.2d 290, 20 Cal. Rptr. 315 (1962). The record refutes any suggestion of abuse of such discretion.

There was no reversible error. The judgment below is affirmed.